PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CARMELO RODRÍGUEZ, Defendant and Appellant.

No. 4583. Argued December 2, 1931. Decided December 4, 1931.

*Angel A. Vázquez* for appellant. *E. Díaz Viera,* Assistant *Fiscal,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is a prosecution for a violation of the Weights and Measures Act. The appellant assigns in his brief two errors which he claims the district court committed in finding the complaint sufficient, and in rendering judgment in a manner that is defective.

Let us consider the first error. The complaint in its pertinent part reads as follows:

"That on November 6, 1930, at No. 2 Canals Street, Santurce, . . . the defendant . . . Carmelo Rodríguez, whose occupation is the sale of ice from wagon No. 8 of T. Llamas, wilfully and unlawfully sold to A. J. Plard ten pounds of ice for five cents or at the rate of two pounds for one cent, the five cents having been paid by Plard; that the said ice was weighed again on a standard scale of the Bureau of Weights and Measures and in the same scale of defendant Carmelo Rodríguez and in his presence, the weight being two pounds short, thus defrauding Plard of two pounds of ice valued at one cent . . ."

The statute alleged in the complaint to have been violated, namely, section 15 of Act No. 135 of 1913, as amended by Act No. 30 of 1921, reads as follows:

"Section 15.—No person shall give or permit to be given any false or short weight or measure in the purchase, sale, transfer, or transportation of any goods, wares or merchandise, or in the purchase or sale of any work, task or service, the value of which is computed by the use of measures of weight or any other measure except that of time, and no person shall use, or permit to be used, any false weight or measure, in any industrial or commercial trans-

action as a basis for compensation in the purchase, sale, transfer or transportation of any goods, wares, or merchandise, or in the purchase or sale of any work, task, or service, the value of which is computed by the use of measures of weight or any other measure except that of time, nor shall he keep or permit to be kept in his commercial or industrial establishment such false weight or measure.''

The appellant maintains in his brief that the ''complaint fails to allege that the accused gave a false or short weight or that he used any false weight or measure, but that on the contrary it admits that the original weight was ten pounds and that this was the amount sold by the defendant but that at the time of its re-weighing and delivery it was two pounds short. This is not the offense to which the Act refers.''

We think that the complaint might have been drafted with more clearness and precision. However, such as it is, it charges the defendant with having sold ice for ten pounds weighing only eight pounds and collecting the price of ten, thereby defrauding the purchaser out of the difference. This is precisely one of the acts prohibited by the law invoked. The first error assigned is nonexistent.

Nor does the second exist. The judgment attacked as being defective recites in its pertinent part:

''This case having been called for trial, the defendant appeared in person, assisted by his counsel, Angel A. Vázquez, and The People of Puerto Rico represented by District Attorney Massari. Upon being arraigned, the accused pleaded not guilty, and after hearing the evidence the Court finds Carmelo Rodríguez guilty of a violation of section 15 of Act No. 135 of 1913, as amended by Act No. 30 of 1921, and sentences him to pay a fine of $50 or in default thereof . . .''

The appellant contends that, as section 15 of the Weights and Measures Act may be violated in three different ways, the judgment should have mentioned the acts constituting the violation in this specific case and should not have con-

fined itself to citing the statute generally. In support of this contention he invokes the cases of *People* v. *Mayagüez Sugar Co.*, 37 P.R.R. 106, and *People* v. *Seda et al.*, 34 P.R.R. 202.

The facts in the cases relied on by the appellant are very different from those in the case at bar. It is true that the judgment could and should have been more specific in order to comply fully with the statute, but it is also true that the defect that appears is not of an essential character and can be corrected on appeal. By its terms the judgment is perfectly connected with the complaint, and the latter contains the facts omitted from the judgment.

That being so, all that this Court should do is to correct the judgment by amending the same so as to read, in its pertinent part, thus: ". . . . and finds Carmelo Rodríguez guilty of a violation of section 15 of Act No. 135 of 1913, as amended by Act No. 30 of 1921, consisting in the selling of ice short of weight, and sentences him. . . ."

And as thus corrected, the judgment will be affirmed.